IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 117-040 |
| | ) | |
| JAMES DAVID DRAFTS | ) | |

**O R D E R**

In consideration of the oral motion made by defense counsel at the initial appearance and arraignment, the Court **GRANTS** an extension of time for the filing of Defendant's pretrial motions. All pretrial motions are to be filed within twenty-eight days of the date of arraignment. The government shall have fourteen days to respond to any defense motion, except that in multiple-defendant cases the government may file a joint response within fourteen days after all defense motions have been filed. Furthermore, any motions by the government related to pretrial discovery must be filed either within twenty-one days of the date of arraignment, or at the time of the government's joint response to defense motions, whichever is later. Counsel shall file a separate motion for each relief sought and not file a consolidated motion.

The Court finds, as a matter of fact and law, that the extended motions period given herein is not for the purpose of delay, but in the furtherance of justice, and to protect Defendant's right to a fair trial given the volume of discovery to be produced by the government. The Court also finds that the extension is for the purpose of allowing reasonable time necessary, assuming the exercise of due diligence, for the effective

preparation of defense counsel in that counsel needs additional time to review the voluminous discovery information provided by the government and prepare the appropriate defense motions. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by granting an extended motions period outweigh the best interests of the public and Defendant in a speedy trial. The period of delay resulting from this extension–August 10, 2017, through and including September 7, 2017–is excluded in computing the time within which the trial of this matter may commence.

Pretrial motions received by the Clerk outside the required period shall not be filed without leave of Court. Untimely motions will not be considered absent a showing of good cause for failure to file within the time set by the Court.

The government and defense counsel are reminded of their responsibility under Local Criminal Rule 16.1 to confer regarding discovery in this case. In light of the government's customary practice of providing liberal discovery, many (if not all) of the routine discovery motions filed by a defendant may be satisfied without the need for Court intervention. The Court will conduct a motions hearing to consider any unresolved motions. Prior to scheduling any such hearing, the Court will ask the parties to specify which motions (if any) remain in dispute.

If the government intends to use at trial evidence of "other crimes, wrongs or acts" under Federal Rule of Evidence 404(b), it must comply with the Court's Local Rules regarding this type of evidence. Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3. If the government intends to use 404(b) evidence, its notice, in whatever form the government chooses to use, must be filed within twenty days after the arraignment and must outline in general form the evidence to be offered and provide a memorandum of law stating the

purpose(s) for which the evidence will be offered and case law supporting the government's position.

Unless otherwise instructed by the presiding District Judge, counsel are instructed to file all requests to charge and proposed voir dire questions at least seven days before jury selection. Counsel representing indigent clients must make their requests for witness subpoenas or writs for the production of prisoner witnesses at least ten work days before the evidentiary hearing or trial, whichever is applicable. Counsel's requests for witness subpoenas must articulate specific facts demonstrating both the relevancy and necessity of the requested witnesses' testimony. <u>United States v. Rinchack</u>, 820 F.2d 1557, 1566 (11th Cir. 1987).

Finally, defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Local Criminal Rule 16.1. Any discovery material turned over to the defendant shall be maintained by the defendant and not further disseminated. Failure to comply with the terms of this Order regarding dissemination of discovery material may result in contempt proceedings.

SO ORDERED this 11th day of August, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA